FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 05, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF MARC A. MORENO, by and through its personal representative Miguel Angel Moreno; MIGUEL ANGEL MORENO; individually; and ALICIA MAGANA MENDEZ, individually,<br><br>            Plaintiffs,<br><br>v.<br><br>CORRECTIONAL HEALTHCARE COMPANIES, INC.; CORRECT CARE SOLUTIONS, LLC, OUR LADY OF LOURDES HOSPITAL AT PASCO, INC., a Washington nonprofit corporation doing business as Our Lady of Lourdes Hospital and Lourdes Counseling Center; ASHLEY CASTANEDA, individually; ANITA VALLEE, individually,<br><br>            Defendants. | NO: 4:18-CV-5171-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiffs' Motion for Partial Summary Judgment, ECF No. 37. Plaintiffs, Estate of Marc A. Moreno, Miguel Angel Moreno, and

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

Alicia Magana Mendez, move for dismissal of certain affirmative defenses asserted by Our Lady of Lourdes Hospital at Pasco, Inc., and Anita Vallee ("Lourdes Defendants") in their answer to Plaintiffs' complaint. ECF No. 30. Having reviewed the briefing, the record, and the applicable law, the Court is fully informed.

## BACKGROUND

This is a civil rights case under 42 U.S.C. § 1983, alleging that Defendants are liable for the death of Marc. A. Moreno, which occurred while he was in the custody of Benton County, Washington. ECF No. 1. Plaintiffs allege that Defendants violated Mr. Moreno's Fourteenth Amendment rights by denying him adequate medical care or treatment and subjecting him to inhumane conditions of confinement. *Id.* at 24.

The Lourdes Defendants filed an answer to Plaintiffs' complaint, ECF No. 11, but later amended that answer with Plaintiffs' permission. ECF Nos. 22, 28, & 30. In the amended answer, the Lourdes Defendants asserted fourteen affirmative defenses. ECF No. 30 at 13. The relevant affirmative defenses to this dispute are as follows:

> 2. Plaintiffs' injuries or damages, if any, were proximately caused or contributed to by third parties, over whom [the Lourdes Defendants] had no control. This includes, but is not limited to, Benton County, a Washington municipal corporation acting through its own policies, customs, practices and procedures as well as through the Benton County Sheriff's office and its jail officers/deputies (collectively BCSO jail staff) which include but are not limited to Sheriff Stephen Keane, Undersheriff Jerry Hatcher, Sgt. Paul Frazier, Cpl. Eman Rodrick, Sgt. Daniel Finley, Sgt. Chad Vandine, Cpl. James Brooks, Cpl. Combs, Ofc. J. Tansy, Ofc. D Miller, Ofc. G Hannaman, Ofc. Blumenthal, Ofc.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

Matt Armstrong, Ofc. Bailes, and the following officer identification numbers as reflected in the 15 minute observations card watch forms from March 3, 2016 through March 7, 2016 (identification numbers 801, 822, 849, 854, 855, 857, 864, 874, 887, 889, 895, 897, 899, 911, 915, 919, 920, 921, 925, 927, 928, 936, 941, 952, 955, 956, 957, 961, 964, 965, and 966) all collectively "Benton County entities."

4. [The Lourdes Defendants] request[] that the Court, pursuant to RCW Chapter 4.22 and pursuant to federal offset and apportionment law, apportion fault, liability, and responsibility among all persons or entities responsible for Plaintiffs' alleged claims, injuries and damages, including Plaintiffs, and parties that are defendants or in the future may be defendants even if said entity is later dismissed as a defendant. . . .

5. [The Lourdes Defendants] assert a defense to personal injury wrongful death action pursuant to RCW 5.40.060.

9. Alternatively [the Lourdes Defendants] are entitled to an allocation of fault, liability and responsibility for the Plaintiffs' claimed injuries and damages against the Benton County entities (as alleged by Plaintiffs) and to have any such percentage of fault, liability and responsibility for Plaintiffs' claimed injuries and damages subtracted before any remaining percentage of fault, liability and responsibility of [the Lourdes Defendants] for Plaintiffs' claimed injuries and damages is applied to any award in favor of Plaintiffs for injuries and damages. For example, if the trier of fact determines that the Benton County entities are 50% at fault, liable and responsible for Plaintiffs' claimed injuries and damages, only the remaining 50% of the Plaintiffs' claimed injuries and damages can be assessed against [the Lourdes Defendants] and the other defendants in this litigation, and as between these collective Defendants additional allocation of fault, liability and responsibility must take place.

10. Additionally, the Lourdes Defendants are entitled to an allocation and segregation of any Plaintiffs' claimed injuries and damages as alleged by Plaintiffs found to have been caused by any intentional acts or omissions of [the Lourdes Defendants], the other defendants herein, and the Benton County entities and to have any such allocation and segregation attributable to the other defendants herein and the Benton County entities allocated and segregated in such a fashion so that [the Lourdes Defendants] will not be liable therefor. [The Lourdes Defendants] are also entitled to a similar allocation and

segregation of any punitive damages awarded so that [the Lourdes Defendants] will not be liable for punitive damages awarded against any other defendant.

ECF No. 30 at 13–16.

Plaintiffs move for partial summary judgment on these affirmative defenses, claiming that they all allege a form of comparative fault, contributory negligence, or apportionment, all of which they argue are impermissible defenses to an action under section 1983. ECF No. 37. Defendants argue that they pleaded legally valid affirmative defenses that should not be dismissed. ECF No. 51.

## LEGAL STANDARD

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322–33 (1986). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 324.

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima

facie case. *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3 (internal quotations omitted).

The Court will not infer evidence that does not exist in the record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

Plaintiffs argue that five of the Lourdes Defendants' affirmative defenses assert comparative fault, contributory negligence, or apportionment concepts, which are inapplicable in a section 1983 action. ECF No. 37 at 4. The Lourdes Defendants argue that their affirmative defenses are properly alleged. ECF No. 51 at 17.

Plaintiffs alleging section 1983 claims must prove their claims with traditional tort law principles of causation, including direct and proximate cause. *Galen v. Cty. of L.A.*, 477 F.3d 652, 663 (9th Cir. 2007); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). However, several federal courts have recognized

that the traditional tort affirmative defenses of comparative fault and contributory negligence, as well as the concept of apportioning fault among all liable parties, do not apply in section 1983 actions. *McHugh v. Olympia Entm't, Inc.*, 37 Fed. App'x. 730, 736 (6th Cir. 2002); *Clappier v. Flynn*, 605 F.2d 519, 530 (10th Cir. 1979); *Acasio v. Lucy*, No. 14-CV-04689-JSC, 2017 WL 1316537, at *15–16 (N.D. Cal. Apr. 10, 2017). While defendants to section 1983 actions may argue that other people are responsible for the plaintiff's injuries, defendants may not ask the jury to apportion fault among parties and non-parties, including other defendants, under state comparative fault and apportionment laws. *See Logan v. City of Pullman Police Dep't*, No. CV-04-214-FVS, 2006 WL 994759, at *2 (E.D. Wash. Apr. 14, 2006).

*Logan* explains why comparative fault, contributory negligence, and general concepts of apportionment are inapplicable in section 1983 actions. Taking Washington's apportionment law as an example, the Supreme Court of Washington has previously held that "comparative fault is inapplicable in the context of an intentional tort." *Morgan v. Johnson*, 976 P.2d 619, 623 (Wash. 1999); *see also Welch v. Southland Corp.*, 952 P.2d 162, 166 (Wash. 1998) (holding that "a defendant is not entitled to apportion liability to an intentional tortfeasor"). In *Logan*, the district court found that plaintiffs cannot prove section 1983 liability with a defendant's negligent conduct; the plaintiff must prove a higher standard of culpability. *Logan*, 2006 WL 994759, at *2 (citing *Daniels v. Williams*, 474 U.S.

327, 333 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution")). Further, the relevant Ninth Circuit Model Jury Instruction for Plaintiffs' Fourteenth Amendment claim in this case states that Plaintiffs must prove that each Defendant "made an intentional decision with respect to the conditions under which the plaintiff was confined." *Particular Rights— Fourteenth Amendment—Pretrial Detainee's Claim of Failure to Protect*, Model Civ. Jury Instr. 9th Cir. 9.31 (2019); *see also Castro v. Cty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (approving Civil Model Instruction 9.31, including that the plaintiff must prove that there was an "intentional decision"). Because Plaintiffs must prove intentional conduct on behalf of each Defendant in this case, and because comparative fault, contributory negligence, and apportionment do not apply to intentional conduct, affirmative defenses based on those concepts are impermissible in section 1983 actions. *Logan*, 2006 WL 994759, at *2.

The Lourdes Defendants argue that their affirmative defenses are appropriate because Washington comparative fault law is incorporated in section 1983 actions through section 1988(a). ECF No. 51 at 17–18. Under section 1988(a), where federal law does not provide a rule of decision for section 1983 actions, federal courts apply state statutes so long as those statutes are "not inconsistent with the Constitution and the laws of the United States." 42 U.S.C. § 1988(a). State statutes are inconsistent with the Constitution or federal law when they conflict with the main policies of section 1983: deterrence and compensation. *Bd. of Regents of*

*Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 488 (1980).  Federal courts finding that comparative fault and contributory negligence are not applicable have found that these affirmative defenses are inconsistent with the policies of deterrence and compensation.  *See, e.g.*, *McHugh*, 37 Fed. App'x. at 736 n.4 ("To apply comparative fault statutes in civil rights actions would result in the protection afforded under § 1983 to differ from state to state and would be inconsistent with the underlying policy of deterrence and compensation.").  Adopting the reasoning from *McHugh*, applying Washington's comparative fault and contributory negligence statutes would be "inconsistent with the Constitution and the laws of the United States," and, therefore, would not be applicable in this action.  42 U.S.C. § 1988(a).

The Lourdes Defendants' supporting case law on this issue is not persuasive.  ECF No. 51 at 18.  The first case concerned the difference between negative defenses and affirmative defenses rather than whether contributory negligence is a proper defense in section 1983 actions, and there is no indication that the District Court of New Mexico considered the same question that the Court considers today.  *Martinez v. Naranjo*, 328 F.R.D. 581, 597–98 (D.N.M. 2018).  The second case rejected a *pro se* plaintiff's motion to strike "any insufficient defense" because the plaintiff's motion did not provide "any basis for striking the affirmative defenses."  *Byas v. N.Y.C. Dep't of Corr.*, 173 F.R.D. 385, 389 (S.D.N.Y. 1997).  The third case did not directly address the question of whether contributory negligence is an appropriate defense in a section 1983 action; instead, the District Court of Nebraska

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

discussed the defense while describing material facts in dispute while ruling on a motion for summary judgment. *Ellis v. Kneifl*, No. CV 85-L-299, 1986 WL 15946, at *2 (D. Neb. Sept. 12, 1986). Therefore, the Court is not persuaded by these cases.

The Court turns to the affirmative defenses to determine whether they assert comparative fault, contributory negligence, or apportionment. The Lourdes Defendants' second affirmative defense alleges that Plaintiffs' injuries "were proximately caused or contributed to by third parties," including Benton County. ECF No. 30 at 13. Under traditional concepts of causation, the Lourdes Defendants may argue that other defendants or third parties are liable for Plaintiffs' injuries. *See Galen*, 477 F.3d at 663. However, the Lourdes Defendants may not argue that other parties, such as Benton County, "contributed to" Plaintiffs' injuries in an attempt to apportion fault. ECF No. 30 at 13. To the extent that the second affirmative defense asks the jury to apportion fault among all Defendants and third parties, the second affirmative defense is dismissed in part. But the portion of the second affirmative defense that states that the Lourdes Defendants are not liable because they did not cause Plaintiffs' injuries will not be dismissed because that defense is permissible.

The Lourdes' Defendants' fourth affirmative defense requests that the jury apportion fault among everyone responsible for Plaintiffs' injuries, including non-parties. ECF No. 30 at 14. The Lourdes Defendants admit that their fourth affirmative defense asserts comparative fault. ECF No. 51 at 18. Therefore, the Lourdes Defendants' fourth affirmative defense is dismissed.

The Lourdes' Defendants fifth affirmative defense asserts a defense under Wash. Rev. Code § 5.40.060. This statute states that it is a "complete defense" to a wrongful death or personal injury action that "the person injured or killed was under the influence of intoxicating liquor or any drug at the time of the occurrence causing the injury or death and that such condition was a proximate cause of the injury or death and the trier of fact finds such person to have been more than fifty percent at fault." Wash. Rev. Code § 5.40.060(1). As discussed above, the Lourdes Defendants may assert that they did not proximately cause Plaintiffs' damages. However, asserting a defense under this statute calls for asking the jury to apportion fault between Plaintiffs and Defendants. Therefore, the defense is impermissible. The Court strikes the Lourdes Defendants' fifth affirmative defense.

The Lourdes Defendants' ninth affirmative defense states that they are entitled to an allocation of fault with Benton County and the other Defendants. ECF No. 30 at 15. Apportioning fault is impermissible. Therefore, the Court strikes the Lourdes Defendants' ninth affirmative defense.

The Lourdes Defendants' tenth affirmative defense states that they are entitled to a segregation of damages related to intentional acts or punitive damages. ECF No. 30 at 16. They argue that under Washington law, damages caused by intentional torts are segregated rather than compiled into the allocation of fault, and that under federal law, punitive damages are specific to each defendant and are segregated as well. ECF No. 51 at 13. As discussed, damages are not apportioned in section 1983

actions. Further, punitive damages are specific to individual defendants under federal law. *See Punitive Damages*, Model Civ. Jury Instr. 9th Cir. 5.5 (2019) ("You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants."). The tenth affirmative defense is restating the law and irrelevant as an affirmative defense. Therefore, the tenth affirmative defense is dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Partial Summary Judgment, **ECF No. 37,** is **GRANTED in part** and **DENIED in part**.

2. The Lourdes Defendants' second affirmative defense is dismissed in part, to any extent it seeks to apportion fault among parties and non-parties, but is not dismissed to the extent that it asserts that the Lourdes Defendants are not liable because other people are liable.

3. The Lourdes Defendants' fourth, fifth, ninth, and tenth affirmative defenses are dismissed.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 5, 2019.

       *s/ Rosanna Malouf Peterson*
       ROSANNA MALOUF PETERSON
       United States District Judge