FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 07, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF MARC A. MORENO, by and through its personal representative Miguel Angel Moreno; MIGUEL ANGEL MORENO; individually; and ALICIA MAGANA MENDEZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CORRECTIONAL HEALTHCARE COMPANIES, INC.; CORRECT CARE SOLUTIONS, LLC; and ASHLEY CASTANEDA, individually,<br><br>Defendants. | NO: 4:18-CV-5171-RMP<br><br>ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR PROTECTIVE ORDER REGARDING CONTINUOUS QUALITY IMPROVEMENT DOCUMENTS |

BEFORE THE COURT is Defendants' unopposed Motion for Protective Order Regarding Continuous Quality Improvement Documents, ECF No. 70. Plaintiffs do not oppose the motion or the proposed protective order. Having reviewed the proposed order and the record, the Court finds good cause to grant the unopposed motion and enter the proposed protective order. *See* Fed. R. Civ. P.

ORDER GRANTING UNOPPOSED MOTION FOR PROTECTIVE ORDER ~ 1

26(c)(1)(G).  Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion at **ECF No. 70** is **GRANTED**.  The protective order is set forth below.

**PROTECTIVE ORDER REGARDING CQI DOCUMENTS**

This Protective Order is issued regarding the production and use of records which are to be produced by defendants Correctional Healthcare Companies, Inc., Correct Care Solutions, LLC, (currently known as "Wellpath LLC") relating to its Continuous Quality Improvement ("CQI") documents created or dated prior to May 26, 2016, the effective date of its Professional Services Organization contract. The following terms will regulate the handling and use of the CQI documents produced by Correctional Healthcare Companies, Inc., and Correct Care Solutions, LLC (hereinafter "CCS"), once received by the Parties and their counsel.

1.  Purposes and Limitations.  Plaintiffs' Request for Production No. 29 requests of Defendants CCS documentation relating to quality of medical care provided to Benton County Jail patients.  Defendants' CQI documents are responsive to this request.  Accordingly, the Court issues this Protective Order.  This Order is designed to afford protection from public disclosure of Defendants' CQI documentation created prior to May 26, 2016.

2.  Access to and Use of CQI Documents

2.1  Basic Principles.  The parties may use the referenced CQI documents produced by CCS in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  The CQI documents may be

disclosed only to the categories of person and under the conditions described in this agreement.

       2.2   <u>Disclosure of CQI Documents.</u>  Unless otherwise ordered by the Court, the parties may disclose the information contained in the CQI documents only to:

       (A)  The party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

       (B)  Expert witnesses to whom disclosure is reasonably necessary for this litigation;

   3.   <u>Designating Protected Material</u>.  Each page of the material to be produced by CCS will be labeled "CONFIDENTIAL" and will be handled in a manner consistent with the terms of this Order.

   4.   <u>Unauthorized Disclosure of CQI Documents.</u>  If a party learns that, by inadvertence or otherwise, it has disclosed the CQI documents to any person or in any circumstance not authorized under this agreement, the disclosing party must immediately (A) notify in writing the opposing party of the unauthorized disclosures, (B) use its best efforts to retrieve all unauthorized copies of the protected material, (C) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement.

5. If CCS believes the documents covered by this order should not be filed with the Court except under seal, then it may file a motion for an order authorizing and requiring that such documents be filed under seal if a party deems it necessary to file them as part of this litigation. Such a motion must be filed within 60 day after the entry of this order. No party may file with the Court a document covered by this order prior to the Court ruling on such a motion, or if no such motion is filed, then prior to 60 days after the entry of this order.

6. <u>Non-Termination</u>. The confidentiality obligations imposed by this agreement shall remain in effect until a Court orders otherwise.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** January 7, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge